```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Ricardo V. Dodson,            :

      Plaintiff,         :

  v.                          :    Case No. 2:03-cv-0944

Reginald A. Wilkinson, et al., :    JUDGE MARBLEY

      Defendants.        :

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court on Dr. Bruce Martin's motion for summary judgment. This Court notes that Mr. Dodson failed to respond to this motion. For the following reasons, this Court recommends that Dr. Martin's motion for summary judgment be granted.

### I.

Fed. R. Civ. P. 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original); Kendall v. The Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. Lashlee v. Sumner, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is,...[and where] no genuine issue remains for trial,...[for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 467 (1962); accord, County of Oakland v. City of Berkley, 742 F.2d 289, 297 (6th Cir. 1984).

In making this inquiry, the standard to be applied by the Court mirrors the standard for a directed verdict .Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson, 477 U.S. at 250.

> The primary difference between the two motions is procedural: summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 745, n. 11 (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

Accordingly, although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any

2

material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970) (footnote omitted); accord, Adams v. Union Carbide Corp., 737 F.2d 1453, 1455-56 (6th Cir. 1984), cert. denied, 469 U.S. 1062 (1985).  Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Watkins v. Northwestern Ohio Tractor Pullers Association, Inc., 630 F.2d 1155, 1158 (6th Cir. 1980).  Additionally, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment.  Adickes, 398 U.S. at 157-60; Smith v. Hudson, 600 F.2d 60, 65 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.  The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party.  Anderson, 477 U.S. at 251.  As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him."  <u>First National Bank of Arizona v. Cities Service Co.</u>, 391 U.S. 253, 259 (1968) (footnote omitted).

II.

Dr. Martin is the medical director for the Ohio Department of Rehabilitation and Correction ("ODRC"), and Mr. Dodson is an inmate serving an indefinite sentence within the ODRC system. According to the complaint, in 1992, Mr. Dodson reviewed a document issued by the Center for Disease Control recommending that because there was a possibly high number of inmates exposed to Hepatitis C, federal and state prison systems should establish testing protocols to identify infected inmates.  Allegedly, Mr. Dodson requested that he be tested for the disease, but that request was denied.  Approximately ten years later, Mr. Dodson was diagnosed with Hepatitis C.

Dr. Martin became the ODRC medical director in 1999, and one of his "first assignments was to develop a protocol for the identification and treatment of inmates with Hepatitis C."  (Aff. of Dr. Martin at ¶7.)  Further, Dr. Martin's affidavit states:

> In preparation for developing the protocol, I researched the disease.
>
> I consulted with other corrections departments around the country.
>
> I consulted with GE specialists at Ohio State University Hospital.
>
> The purpose was to establish a protocol that would meet the needs of inmates, to identify and diagnose those with Hepatitis C.
>
> \*\*\*
>
> My goal was to provide appropriate medical

> care for all inmates, including those
> identified with Hepatitis C and those who
> should be tested for Hepatitis C.
>
> I considered but rejected universal testing
> of all inmates already in the system.
>
> I chose instead to establish a policy that
> screened for established risk factors.
>
> After I completed my research, I developed a
> protocol which was released on November 8,
> 2001, that provides guidelines for the
> evaluation and management of inmates with
> chronic Hepatitis C.
>
> ***
>
> Screening was done for all incoming inmates
> and for current inmates when an established
> risk factor was identified.
>
> A protocol is an official clinical statement
> that defines a medical procedure or course of
> action.
>
> ***
>
> I purposefully included in both versions of
> the protocol a clause to allow medical
> personnel of the individual institutions to
> test any inmates where they believed it was
> medically indicated.
>
> ***
>
> The diagnosis and management of Hepatitis C
> is a constantly evolving issue.  The medical
> staff of ODRC is committed to remaining
> current on all developments in order to
> provide to inmates with appropriate medical
> care.

(Id. at ¶¶8-12, 14-17, 22-23.)

After approximately three years of litigation, the only claim before the Court that is subject to this motion is Mr.

5

Dodson's Eighth Amendment claim against Dr. Martin that "but for the prison policy that delayed testing, treatment, and vaccination for Hepatitis C, he would not have contracted the disease...." (Opinion and Order (doc. #48) at p. 16.)  In order for a prisoner to bring a successful Eighth Amendment claim, a prisoner must prove "deliberate indifference," which constitutes "the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 105 (1976).  The Sixth Circuit Court of Appeals stated:

> The Supreme Court recently clarified the definition of deliberate indifference in the Eighth Amendment context by equating it with criminal recklessness, which requires a subjective showing that the defendant was aware of the risk of harm.  Deliberate indifference, the Court held, requires that the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  The *Farmer* Court added that prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.

Sanderfer v. Nichols, 62 F.3d 151, 155-54 (6th Cir. 1995) (internal citations and quotations omitted).  Put simply, a viable Eighth Amendment claim includes both a subjective and objective component: (1) objectively, the deprivation alleged must be "sufficiently serious," and (2) subjectively, the defendant prison officials must have a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Because Mr. Dodson failed to respond to Dr. Martin's motion for summary judgment, which includes affidavits by Dr. Martin and other doctors working in the ODRC, this Court must evaluate Mr.

6

Dodson's Eighth Amendment claim in light of Dr. Martin's submitted evidence. In doing so, this Court concludes that Dr. Martin, after being hired as the ODRC medical director, did not act with deliberate indifference in violation of the Eighth Amendment. Specifically, Dr. Martin, working with experts in the field, created a protocol to ensure that all new incoming inmates, as well as existing inmates with risk symptoms, be tested for Hepatitis C. These overt actions to attempt to stop or contain the spread of Hepatitis C are inconsistent with the requisite culpable mind state necessary to prove a successful Eighth Amendment violation. In light of this evidence, and in the absence of evidence to the contrary, there are no genuine issues as to any material fact and Dr. Martin is entitled to judgment as a matter of law.

### III.

Accordingly, this Court RECOMMENDS that Dr. Martin's motion for summary judgment (doc. 68) be GRANTED and the case be DISMISSED WITH PREJUDICE.

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object

to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operate as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 f.2d 947 (6th Cir.1981).

                                        <u>/s/ Terence P. Kemp</u>
                                        United States Magistrate Judge